(No. 12513.—Reversed and remanded.)

THE PEABODY COAL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN J. BULLINGTON, Admr. Plaintiff in Error.)

*Opinion filed October 27, 1919.*

1. WORKMEN'S COMPENSATION—*claimant has burden of proving deceased's contributions for support.* Under paragraph (*b*) of section 7 of the Compensation act of 1915 providing for the payment of an award to beneficiaries to whose support the deceased employee had contributed, the burden is on the claimant to prove the elements necessary to bring the beneficiary within the provisions of the act.

2. SAME—*surviving parent need not have been dependent upon deceased employee.* Paragraph (*b*) of section 7 of the Compensation act of 1915 does not require that the surviving parent shall have been dependent upon the deceased employee, but it is sufficient if the deceased leaves a parent to whose support he has contributed within four years immediately prior to the injury.

3. SAME—*when there is no presumption that payment was for support of parent.* On evidence that an employee within four years previous to the injury which resulted in his death had made two payments to his aged father, sending him $45 at one time and $44 at another, no legal presumption can arise that the payments were made to assist in the father's support rather than to pay an ordinary debt for services rendered or for money loaned. (*Victor Chemical Works* v. *Industrial Board*, 274 Ill. 11, distinguished.)

4. SAME—*what two courses are open to circuit court on review of proceedings of Industrial Commission.* On review of proceedings of the Industrial Commission by *certiorari* the circuit court may either set aside the decision and enter such judgment upon the facts as is justified and required by law, or remand the cause to the commission for further proceedings.

5. SAME—*when circuit court should remand cause to Industrial Commission.* If the facts in the record before the circuit court do not justify an award, but it does not appear from the facts shown that the claimant cannot, under the law, establish his case by further competent proof, the circuit court should remand the cause to the Industrial Commission.

6. EVIDENCE—*presumption as to payment of money is one of fact.* The presumption as to whether the payment of money is a gift or for an obligation is one of fact rather than of law and is an inference to be drawn from the facts of the particular case.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding.

A. W. KERR, and W. J. MACDONALD, for plaintiff in error.

BATES, HICKS & FOLONIE, and PROVINE & PROVINE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The circuit court of Christian county, on motion of the Peabody Coal Company, quashed the record of the award made by the Industrial Commission in favor of plaintiff in error, John J. Bullington, administrator of the estate of Ambrosio Maero, deceased, for injuries received while in said company's employment. The trial judge certified that the cause was one proper to be reviewed by the Supreme Court.

It is stipulated in the record that Ambrosio Maero received an injury December 22, 1916, which resulted in his death; that the injury arose out of and in the course of his employment; that the employer had knowledge of the injury and that a claim for compensation for the injury was made as required by law; that both parties were operating under the provisions of the Workmen's Compensation act; that deceased at the time of the injury, and for more than a year prior thereto, had been in the employ of the

Peabody Coal Company as a loader in one of its coal mines in Christian county; that the mine operated 250 days and deceased worked 158 days during the year preceding the date of the accident, earning $643.40.

Maero left him surviving no widow, child or children or descendants of a child or children but did leave him surviving his father, Joseph Maero, aged eighty-four years, and his mother, Mary Maero, aged seventy-five years, both residing at Brondel, Italy, and two adult brothers and two adult sisters. The circuit court quashed the record on the ground that it failed to show that the deceased contributed to the support of his parents within four years prior to the time of his injury. The Industrial Commission found that the deceased did contribute to such support during said four years and ordered the employer to pay the plaintiff in error $7.50 a week for 416 weeks.

The sole question in issue in this case is whether or not there is any competent evidence in the record showing that the deceased, within four years prior to his death, contributed to the support of his parents, as found by the Industrial Commission. The evidence in the record upon which the commission based its finding is in substance as follows: Joseph Maero, who was a nephew of the deceased, testified that the deceased was thirty-two years of age at the time of his injury; that witness had known him as long as he could remember; that deceased came from Brondel, Italy, and witness had also lived there; that about three years ago deceased sent $45 of his wages to his father and about a year prior to the accident he sent $44; that these amounts were sent by post-office money orders from Granville, Illinois; that the witness was present in Italy when the parents received the first amount and was present in Granville when Maero sent the second amount and saw him send the money order; that witness found receipts for international money orders for these amounts in the trunk of the deceased after his death. He also testified

that the money thus sent was taken from the earnings of the deceased.

In this class of cases the claimant has the burden of proving the elements necessary to bring the beneficiary within the provisions of the Workmen's Compensation act. (*Chicago and Alton Railroad Co.* v. *Industrial Board*, 274 Ill. 336; *Ohio Building Vault Co.* v. *Industrial Board*, 277 id. 96.) Paragraph (*b*) of section 7 of the Workmen's Compensation act of 1915 provides: "If no amount is payable under paragraph (*a*) of this section and the employee leaves any widow, child, parent, grandparent or other lineal heir, to whose support he had contributed within four years previous to the time of his injury, a sum equal to four times the average annual earnings of the employee" shall be paid for an injury to the employee resulting in death. The act as thus worded was in force at the time of Maero's death. It does not require that the surviving parent shall be dependent upon the deceased, but it is sufficient if the deceased employee leaves a parent to whose support he has contributed within four years immediately prior to the injury. (*Commonwealth Edison Co.* v. *Industrial Board*, 277 Ill. 74.) In *Bromwell* v. *Estate of Bromwell*, 139 Ill. 424, it was stated (p. 426): "Where one pays money to another and there is no explanation of the cause of such payment the ordinary presumption is that the money was paid because it was due and owing and not by way of a loan. * * * This is undoubtedly the rule where only business relations exist between the parties, but where other relations exist there may, doubtless, be ground for presumptions of a different character. Thus, where a husband hands money to his wife, or a father to a child still dependent upon him, the presumption naturally arising is that the act is in performance of the legal obligation resting upon husband or father to maintain or support the wife or child." The presumption as to payment of money, as shown by the above decision, is one of fact rather than one of law,—a

mere rule of evidence,—an inference to be drawn from the facts and circumstances of the particular case.

We do not think that any legal presumption can be drawn from the fact of the payment to the father, eighty-four years old, by his son, thirty-two years old, that this payment was made to assist in the father's support rather than to pay an ordinary debt for services rendered or for money loaned. This case is different in its facts from *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, relied upon by plaintiff in error as controlling. Each case must be decided according to its own special facts, and we think there the proof that the payments had gone for the support of the parents was more definite and positive than it is here. Under the statute the circuit court had two courses open to it on review of the proceedings by *certiorari:* either to set aside the decision and enter such decision upon the facts as is justified and required by law, or to remand the cause to the commission for further proceedings. In this case there are no sufficient facts in the record upon which any award or judgment can be based, but it does not appear from the facts that are shown that it will be impossible, under the law, for the claimant to establish his case by competent proof. The circuit court should have reversed the order and remanded the cause to the commission for further proceedings. Workmen's Compensation act, sec. 19, par. (*f*), clause 3; *Victor Chemical Works* v. *Industrial Board, supra.*

The judgment of the circuit court is reversed and the cause remanded, with directions to that court to remand the proceedings to the Industrial Commission for a further hearing.          *Reversed and remanded, with directions.*