(No. 13119.—Judgment reversed.)
THE ADAMS & WESTLAKE COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(BERNARD BASS-
MAN, Defendant in Error.)

*Opinion filed April 21, 1920.*

WORKMEN'S COMPENSATION—*when injury to employee engaged
in voluntary act does not arise out of employment.* Where an em-
ployee voluntarily and without the direction, knowledge or acquies-
cence of his employer goes into hazardous work outside the duties
for which he is employed, an injury received while he is so en-
gaged does not arise out of his employment.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

CHARLES E. SELLECK, and GEORGE A. BRUEGGER, for
plaintiff in error.

A. H. RANES, and CORINNE L. RICE, for defendant in
error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This writ of error is prosecuted by leave of court to
review a judgment of the circuit court of Cook county af-
firming a decision of the Industrial Commission awarding
to Bernard Bassman, defendant in error, compensation for
injuries received while in the employ of the Adams & West-
lake Company, plaintiff in error.

Bassman was employed by plaintiff in error as an ex-
perienced punch-press hand and had been working for it
about two weeks before he was accidentally injured. He
was seventeen years of age. His compensation was deter-
mined by the number of pieces punched, with a guaranty of
a minimum of twenty-seven cents an hour if his piecework
did not amount to that much. During his employment he
had not turned out more work than the minimum, so it was

stipulated that his compensation was $14.58 a week,—six nine-hour days at twenty-seven cents an hour. The presses of plaintiff in error were equipped with automatic registers, which showed the number of pieces punched by each machine. Bassman was assigned to a press to stamp out cups for lantern tops. About fifteen minutes before quitting time on the day of the accident the register on his machine showed that he had stamped out 8000 cups. He considered this a full day's work and stopped his press. Johnson, the operator of the machine immediately next to the one operated by Bassman, left his machine and went to the office. Bassman out of curiosity attempted to operate Johnson's machine, but at the first attempt his left hand was caught in the press and his fingers were cut off. The machines were similar, but the die used in the Johnson machine was different from the one used in the machine operated by Bassman. The machine of the latter was equipped with a guard which protected the hand, but there was no such guard on the blanking die used in the Johnson machine. Bassman had not been directed to operate this machine and knew that he would receive no extra compensation for whatever work he did with it.

The only question presented by this record is whether the injury arose out of and in the course of Bassman's employment. Taking the evidence in its most favorable light, with all the reasonable inferences to be drawn therefrom, we think it clear, under the authorities, that an award in this case cannot stand. We discussed at length in *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11, the law on this question and what we there said is controlling here. It is neither necessary nor advisable to repeat the discussion. We think it cannot be seriously contended that Bassman was doing the work to which he had been assigned or that his work called for the operation of the machine by which he was injured. Whether his attempt to operate the adjoining machine was out of idle curiosity or for some other rea-

son, he was acting upon his own initiative and without his employer's knowledge or consent. Where a servant voluntarily and without direction from the master and without his acquiescence goes into hazardous work outside of his contract of hire, he puts himself beyond the protection of the master's implied undertaking and is not within the terms of the Workmen's Compensation act. An injury to an employee while engaged in a voluntary act not accepted by or known to his employer and outside the duties for which he is employed does not arise out of his employment. *Mepham & Co.* v. *Industrial Com.* 289 Ill. 484.

Unfortunate as this accident is, the law does not justify the award, and therefore the judgment of the circuit court must be reversed and the award of the Industrial Commission set aside.

*Judgment reversed.*