(No. 14017.—Reversed and remanded.)
THE EUGENE DIETZGEN COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(MARTHA T.
SANDERS, Defendant in Error.)

*Opinion filed October 22, 1921.*

WORKMEN'S COMPENSATION—*superior court of Cook county has
jurisdiction to review a compensation proceeding.* The superior
court of Cook county has jurisdiction to review a decision of the
Industrial Commission under paragraph (*f*) of section 19 of the
Compensation act, as said court has the same organization, juris-
diction and powers as the circuit court, and where a special statu-
tory jurisdiction is conferred on either court, the other, by the same
act, acquires a like jurisdiction.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. JACOB H. HOPKINS, Judge, presiding.

GALLAGHER, KOHLSAAT, RINAKER & WILKINSON,
(SAMUEL M. RINAKER, of counsel,) for plaintiff in error.

CHARLES E. CARPENTER, and GUY B. REYNOLDS, for
defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Industrial Commission affirmed an award of com-
pensation made to Martha T. Sanders against the Eugene
Dietzgen Company under the Workmen's Compensation act,
and a writ of *certiorari* was sued out of the superior court
of Cook county by the Eugene Dietzgen Company to review
the award. On motion of the petitioner the superior court
quashed the writ and dismissed the petition for want of
jurisdiction in the superior court to review the action of the
commission. Thereupon the Eugene Dietzgen Company
sued out a writ of error to review the action of the superior
court, and the only question arising on the record is whether
the superior court had jurisdiction over the proceeding.

Under paragraph *(f)* of section 19 of the Workmen's Compensation act the decision of the Industrial Board is conclusive unless reviewed in the manner in that paragraph provided, and the manner provided is by writ of *certiorari* from the circuit court of the county where any of the parties defendant may be found or by suit in chancery commenced by any party in interest in the circuit court of such county. The defendant in error contends that the jurisdiction conferred upon circuit courts by the Workmen's Compensation act to review the proceedings of the Industrial Commission is a special statutory jurisdiction, which is exclusive in the circuit court and cannot be exercised by the superior court of Cook county.

We have had before us numerous cases in which the question of the jurisdiction of the superior court of Cook county has been determined and have decided that the superior court and the circuit court have the same organization, jurisdiction and powers; that under the constitution there is no distinction between them except in name; that they are practically branches of the same court and that the superior court is in legal effect a circuit court, and where a special statutory jurisdiction is conferred on either court the other will by the same act acquire a like jurisdiction. *Jones* v. *Albee,* 70 Ill. 34; *Hall* v. *Hamilton,* 74 id. 437; *Samuel* v. *Agnew,* 80 id. 553; *Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 id. 589; *Berkowitz* v. *Lester,* 121 id. 99; *Cobe* v. *Guyer,* 237 id. 516.

The judgment of the superior court is reversed and the cause remanded to that court, with directions to proceed to a determination of the cause.

*Reversed and remanded, with directions.*