(No. 30236.)

AMERICAN MANGANESE STEEL CO., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALEX MODZE-LEWSKI, Defendant in Error.)

*Opinion filed January 22, 1948—Rehearing denied March 11, 1948.*

Angerstein & Angerstein, of Chicago, for plaintiff in error.

Orr, Lewis & Orr, J. W. Horwitz, and Abraham B. Litow, (Warren H. Orr, Wallace W. Orr, Haskell F. Lamm, and Lester E. Williams, of counsel,) all of Chicago, for defendant in error.

Mr. Justice Gunn delivered the opinion of the court:

Alex Modzelewski filed his application for the adjustment of claim for compensation against the American Manganese Steel Co., claiming that he had been disabled by an occupational disease arising out of his employment of grinding steel castings, and inhaling emery dust and steel dust. A hearing was had before the arbitrator, who made a finding that he was not disabled and had not been exposed to an occupational disease by his employer, and that he was not entitled to compensation. The matter was heard before the Industrial Commission, where the finding of the arbitrator was confirmed. On *certiorari* to the superior court of Cook County the cause was remanded by that court, with the finding that the employee was

permanently disabled, and ordering the commission to determine the extent of his disability, and to award compensation. Upon remandment the commission, without taking further testimony, found that the employee was totally and permanently disabled, and made an allowance for total permanent disability of $17.63 per week for a period of 266 weeks, and one week at $10.42, and thereafter a pension for life of $31.33 per month. Upon *certiorari* to the circuit court of Cook County the award was confirmed, and a petition for writ of error to this court was allowed.

The defendant in error has made a motion in this court to dismiss the writ of error, which has been taken with the case. The ground for this motion is that after the superior court had entered an order remanding the cause to the commission, with directions to ascertain the extent of his disability and to fix the award, the plaintiff in error filed a petition for writ of error to this court, which was denied, and the contention is now made that because this writ of error was not allowed it is *res judicata* of the merits in this case.

We have held that, in respect to hearing petitions for *certiorari* from the orders of the Industrial Commission, the superior court and the circuit court are courts of equal jurisdiction. (*Eugene Dietzgen Co.* v. *Industrial Com.* 299 Ill. 159; *Yellow Cab Co.* v. *Industrial Com.* 333 Ill. 49.) It, therefore, follows that the case is in no different position than had it been originally begun by *certiorari* to the circuit court instead of the superior court. We have also held that the decision of the commission, made under the order and direction of the circuit court, is reviewable.

The decision made by the commission in this case was not its decision but the decision of the superior court, and such decision was not a final order, because the cause was remanded back to the Industrial Commission to carry out the decision. Under such circumstances we have held that

the decision of the court confirming the order of the commission, made under directions of the court under a former *certiorari* proceedings, is reviewable by this court. (*Gray Knox Marble Co.* v. *Industrial Com.* 363 Ill. 210; *Brown Shoe Co.* v. *Industrial Com.* 374 Ill. 500.) There is nothing in this proceeding which bars the plaintiff in error from having the rulings of the superior and circuit courts in this case reviewed. The motion is denied.

Modzelewski was a grinder of steel castings. He had worked for the American Manganese Steel Co. for twelve years, and for twenty years prior to that time had been a molder in a foundry of another concern. He quit work April 12, 1945, and claimed that he had silicosis. The evidence in this case discloses that he had a minor or incipient case of silicosis, but the evidence remains in doubt as to whether he was exposed to it in the plant of the plaintiff in error, or elsewhere. The nature of the work was grinding steel castings made in the malleable plant, after they had been annealed by heating in a furnace which brought them to a high degree of heat. After they came out of the furnace they were plunged into a tank of water and remained there about a half hour, and then were taken to the grinding department, where rust and inequalities and some particles of sand, left after being plunged into the tank and also being washed by a hydro-washer, remained.

Several weeks before Modzelewski quit he had an accident in which he suffered some broken ribs, and filed an application for compensation, but which had never been brought to trial. He described his symptoms as being tired, hard to breathe, and loss of weight, and called his doctor, who testified he had a light case of silicosis, and that he was disabled. This doctor did not take into consideration the foundry work which he had done previous to grinding steel, and testified silicosis could be incurred in two years, and it came from fine grains of sand.

The plaintiff in error placed upon the witness stand two experts who testified that the defendant in error was not disabled, and that the silicosis of which he complained was not disabling, because it was so mild and incipient, and that it could not be incurred upon the length of exposure claimed by the other expert, and they disagreed in substantially all matters testified to by the employee and based their opinions in part upon his work as a molder, previous to his employment with plaintiff in error.

The evidence also shows that immediately previous to his quitting work his earnings were from June, 1943, to May, 1944, on an average over $50 per week. He did not work from May, 1944, until September, 1944, but from then until April, 1945, he averaged $64 per week, and for the last five and one-half weeks prior to his quitting work he averaged over $90 per week. The experts for plaintiff in error took these earnings into consideration in arriving at their conclusion that he had not suffered a disablement, either temporary or permanent, from an occupational disease. Nor is there any testimony in this regard that grinding malleable steel or steel filings every day constitutes an occupation from which silicosis may be incurred.

The arbitrator found that respondent failed to maintain the burden of proving that he was exposed to the hazard of an occupational disease, or that he had contracted an occupational disease arising out of and in the course of his employment, or that he became disabled as the result of an occupational disease, and he was therefore denied compensation. Upon this finding being confirmed by the commission, the superior court, upon *certiorari,* found that all of said findings of the commission were contrary to the manifest weight of the evidence; and further found that the respondent became permanently disabled by an occupational disease arising out of and in the course of his employment, and reversed the order of the commission and remanded it, with directions to determine the extent

of the permanent disability and to compute the amount of compensation due to the respondent.

Plaintiff in error contends that to justify an award for total permanent disability the evidence must be clear and convincing, and we have so held. In *Consolidated Coal Co. v. Industrial Com.* 325 Ill. 424, we said: "An award for permanent total disability is justified only where the employee has been rendered wholly and permanently incapable of work at a gainful occupation as a result of his injury. The burden is upon the applicant to establish that fact, and the proof must be sufficient to support the conclusion that the accidental injury caused such complete and permanent disability." In *Consolidated Coal Co. v. Industrial Com.* 322 Ill. 510, in speaking of an award for total permanent disability, the court said: "The proof to warrant such an award must be sufficient to support the legitimate conclusion that the accidental injury caused complete and permanent disability for work. [Citations.]"

In this case the evidence discloses that the wages of the employee rose steadily during the two-year period previous to his quitting work, and that for the three days of the week in which he worked previous to the day he quit he earned $43.37. In view of these earnings it is difficult for us to say that the finding of the commission in respect to his disablement was contrary to the manifest weight of the evidence.

We have also repeatedly held that the province of the Industrial Commission is to weigh the evidence, and draw the reasonable inferences and conclusions from the evidence, and that the courts are not privileged to set aside the findings of the commission unless they are manifestly against the weight of the evidence. (*Hansell-Elcock Co. v. Industrial Com.* 376 Ill. 151.) This rule has been adhered to in so many cases that it is unnecessary to add citations. In the latter case we also held that where expert witnesses strongly disagree, the court cannot undertake to

determine with technical accuracy where the preponderance of the evidence lies. And in *Cinch Manufacturing Co.* v. *Industrial Com.* 393 Ill. 131, we not only adhered to what was said in the *Hansell-Elcock Co. case* with respect to the province of the Industrial Commission with regard to the weight to be accorded its findings in both compensation and occupational disease cases, but also held that the right to weigh the conflicting testimony of experts is left with the commission.

The courts have no right to substitute their judgment for that of the commission unless its findings are contrary to the manifest weight of the evidence. Merely disagreeing with the result reached by the commission, or feeling sorry for an applicant for compensation, is not sufficient to justify overruling the order of the commission. In this particular case, after spending twenty years in a foundry, where he was subject to exposure from silica sand, and thereafter working for twelve years at grinding steel or malleable iron castings, there arises a doubt as to whether the exposure came from the prior occupation or from the later one. And when these facts are considered, together with the testimony of the experts and the fact that the defendant in error was earning full wages up to the minute he stopped work, the evidence is far from convincing upon the question of disablement.

We are unable to agree with the superior court in holding that the original finding of the commission was contrary to the manifest weight of the evidence. There was no additional testimony taken after it was referred back to the commission, so that the record comes to us for decision upon the original findings of the commission. We are satisfied there was substantial evidence to sustain this finding, and it was error for the superior court to reverse and remand it, and error for the circuit court upon review of the award in favor of the defendant in error after remandment, to uphold it.

The judgment of the circuit court of Cook County is reversed and the award in favor of the defendant in error, Modzelewski, is set aside.

*Judgment reversed; award set aside.*