(No. 31206.

THE PEOPLES GAS LIGHT AND COKE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (GEORGE PASTERNAK, Defendant in Error.)

*Opinion filed January 18, 1950.*

DAILY, DINES, WHITE & FIEDLER, of Chicago, (FRANCIS L. DAILY, and GEORGE J. O'GRADY, of counsel,) for plaintiff in error.

JOHN J. MACIEJEWSKI, of Chicago, (CHARLES D. SNEWIND, of counsel,) for defendant in error.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Application for adjustment of claim was filed with the Industrial Commission on September 28, 1944, by George Pasternak alleging that on or about October 2, 1943, claimant was injured by reason of an accident arising out of, and in the course of, his employment with petitioner The Peoples Gas Light and Coke Company. The company denied liability.

The arbitrator found the claimant gave due notice and that medical care had been provided but held the accidental injuries did not arise in the course of employment. The Industrial Commission found the decision of the arbitrator to be correct and sustained and affirmed the finding. *Certiorari* issued out of the circuit court of Cook County which court found an award should be made in favor of claimant based upon a stipulation of the parties for 50 per cent permanent loss of the use of the left hand, set aside the order and remanded the cause to the Industrial Com-

mission with directions "to hear and consider such additional and further evidence as may be offered by either party, and if no evidence is offered, or if the evidence offered does not materially alter the facts as shown by the record herein, then an award shall be made, as indicated above, otherwise said Commission shall make an award in conformity with all the evidence before it."

Pursuant to the remanding order the commission heard additional testimony and entered an award for the permanent loss of use of 50 per cent of the left hand as provided in paragraph (e) of section 8 of the Workmen's Compensation Act, as amended, (Ill. Rev. Stat. 1949, chap. 48, par. 145,) and ordered compensation at the rate of $18.80 per week for 85 weeks. On April 28, 1949, the superior court of Cook County affirmed this award. This writ of error followed.

The sole issue in the case is whether or not claimant's injury arose out of and in the course of his employment. There is no claim for temporary disability, as the company, in accordance with its established welfare policy, paid claimant in full during his temporary disability. The company does not contest the claim that respondent sustained a 50 per cent loss of use of his left hand as a result of the accident, and so stipulated, but denies his legal right to compensation upon the ground respondent was not acting within the scope of his employment at the time of his injury.

Plaintiff in error is a large public utility corporation engaged in the manufacture of gas for lighting, heating and fuel purposes in the city of Chicago and utilizes many complex and dangerous pieces of machinery, including a mile of conveyor belts. The accident in issue occurred at the Crawford Avenue Station, which is a large gas manufacturing plant located on a 320-acre tract of land in the City of Chicago.

The respondent, George Pasternak, had been continuously employed by the company for more than 22 years

and was employed all of this time as a laborer working at various jobs, including running a machine, working on the conveyor belt, on a crane, as a fireman, mechanical helper, ditch cleaner and digger, pipelayer, welder, boiler cleaner, clinkerman and in other divers menial capacities.

Coal and coke is conveyed to various parts of the plant by rubber belts about 30 inches in width. These conveyor belts are never put in operation except upon the direct orders of a foreman. Each morning claimant reported to his foreman and was assigned to various work about the plant.

On the day of the accident he was directed to pull ashes and to assist the engineer in washing air ducts in the boilers in the subbasement. Upon finishing this particular job he did not report to his foreman as was customarily done, but upon his own volition climbed some 150 feet to the top of a cupola, which was the junction point of five different conveyor belts, ostensibly to clean up and carry away some dust or coke that he found in the tower. Here he loafed and gazed out of the window. There he was seen by another foreman and told to report to his own foreman below. At this time the belts were empty and not in operation. In violation of his instructions to report elsewhere, claimant started the belts in operation and his left hand was caught under a roller while he attempted to remove a piece of coke from the belt. His calls for help were heard by another employee and by the foreman. The belts were stopped and his hand released from under the rollers. Respondent admitted no one told him to go up in the tower and clean the belts. He states he was told to check the "Breeze" which is a term applied to the bits of refuse left in making coke or charcoal and was a common term used at the plant. In order to do this, all that was necessary would be to look down into the fuel bin to determine whether it was full or empty and to report back. In order to fulfill this mission it was not necessary to climb the

tower. Actually the bins were not visible from the tower but were from the stairway leading thereto. None of this function required operation of the conveyor·belts. While Pasternak had operated the belts on other occasions, he never had cleaned them or put them in operation without being told to do so. This was a well-understood rule of the plant.

Claimant contends that it was his custom to work around the plant without any specific instructions from his foreman. His testimony in this respect is contradicted by a fellow laborer, by a general foreman and by· the plant superintendent. The fact remains that while Pasternak did not know someone else was assigned to work on the belts that day, he was, on the day he was injured, told not to work on them.

· It is a general rule that an accident which causes injury must have resulted from a risk belonging to and connected with what a workman had to do in fulfilling his contract of service and that the employer is not liable where the employee voluntarily exposes himself to a danger which is not one arising from his employment. *United Disposal and Recovery Co.* v. *Industrial Com.* 291 Ill. 480.

The courts of this State have repeatedly held that a workman is within the course. of his employment when within the time covered by such employment he is doing something he might reasonably do while so employed at a place where he might be while in that employment. (*Becker Asphaltum Roofing Co.* v. *Industrial Com.* 333 Ill. 340.) The question here then is whether Pasternak might reasonably have been expected to start the conveyor belts in operation under the facts and circumstances shown by this record.

The operation of such a plant, containing a mile or more of conveyor belts, upon which other workmen were then engaged and involving the manipulation and setting in motion of dangerous machinery affecting a wide area

of the plant, is a function of the employer to be done under the control and direction of skilled engineers and upon the orders of those in authority. Any number of previous jobs performed by claimant in the process of cleaning the belts could in nowise give him the right or authority to put the belts in operation. This was strictly outside his scope of authority, express or implied, and in doing so he was a mere volunteer. In short, he was doing something he was not only not required to do but had no business doing. *Northwestern Yeast Co.* v. *Industrial Com.* 378 Ill. 195.

The principles involved here were discussed at length in *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11. They have been reaffirmed in a number of cases since, some of which are *Mepham & Co.* v. *Industrial Com,* 289 Ill. 484, *Adams & Westlake Co.* v. *Industrial Com.* 292 Ill. 590, *Northwestern Yeast Co.* v. *Industrial Com,* 378 Ill. 195, *Vincennes Bridge Co.* v. *Industrial Com.* 351 Ill. 444, and *Kensington Steel Corp.* v. *Industrial Com.* 385 Ill. 504. We hold, on the facts stated and shown, that the claimant here was injured while acting without the scope of employment and the injury in this case is not compensable.

This was the conclusion of the arbitrator and the Industrial Commission. No evidence was introduced upon the remandment which materially affected the basic question in the case. The decision by the Industrial Commission upon the remandment of the cause was not its decision, but the decision of the circuit court. (*American Manganese Steel Co.* v. *Industrial Com.* 399 Ill. 272; *Raffaelle* v. *Industrial Com.* 326 Ill. 166.) Both decisions are reviewable by this court on this writ of error. *Joyce Bros. Storage and Van Co.* v. *Industrial Com.* 399 Ill. 456.

Accordingly, the judgment of the superior court of Cook County is hereby reversed and the award of compensation is set aside.

*Judgment reversed; award set aside.*