(No. 32588.)

Union Asbestos and Rubber Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Helen Rushford *et al.*, Defendants in Error.)

*Opinion filed May 20, 1953—Rehearing denied September 21, 1953.*

ANGERSTEIN & ANGERSTEIN, of Chicago, for plaintiff in error.

ARTHUR O. KANE, of Chicago, (HENRY L. KANE, of counsel,) for defendants in error.

Mr. JUSTICE DAILY delivered the opinion of the court:

We have granted a writ of error in this cause to review a judgment of the superior court of Cook County affirming a decision of the Industrial Commission awarding to the widow and minor child of Harold Rushford, deceased, the death benefits provided for in sections 7(a) and 7(h) of the Occupational Diseases Act. Ill. Rev. Stat. 1949, chap. 48, pars. 172.7(a) and 172.7(h).

The facts show that on July 18, 1947, Harold Rushford filed an application for adjustment of claim with the Industrial Commission in which he alleged disablement from asbestosis on May 2, 1947, the date of last exposure. On this claim the commission ultimately found that Rushford had become permanently disabled from asbestosis on May 2, 1947, and awarded him compensation of $18 per week for a period of 266⅔ weeks and thereafter an annual pension of $384 for life. The employer instituted *certiorari* proceedings in the superior court to review the decision of the commission, and while that proceeding was pending the claimant died on January 2, 1950. The employer thereupon suggested the death to the court and filed a motion to set aside the commission's award contending that claimant's right to compensation abated at his death; that the right decedent had had to compensation was entirely separate and distinct from the right of his dependents; that

upon his death a separate and distinct right to the full amount of death benefits would have vested in his dependents subject to the conditions and limitations of section 24 of the Occupational Diseases Act; (Ill. Rev. Stat. 1949, chap. 48, par. 172.24,) and, that death having occurred on January 2, 1950, no compensation having been paid to the deceased, no right of compensation vested in the dependents.

The claimant's wife, Helen Rushford, individually and as the administratrix of his estate, likewise suggested his death and filed a petition to substitute the administratrix in lieu of Harold Rushford, in the proceedings brought by him, for the purpose of enforcing his rights under the act. The employer resisted the motion, contending that the right which decedent had to compensation in his lifetime abated and terminated with his death and that the court was without authority under the act to substitute the administratrix and without jurisdiction to award the compensation to her, and that no right had vested in or accrued to the dependents to maintain a claim for death benefits because the conditions of section 24 had not been met. The court, however, entered an order substituting the administratrix and finding and ordering that compensation for 139 weeks was due and payable to the administratrix, being the period from the date of disablement to the date of death, and that as to payments of compensation subsequent thereto the award was abated. No adjudication was made as to the dependents' rights to death benefits.

Following this, the employer filed a petition for writ of error in this court to review the judgment of the superior court, seeking thereby to set aside the award of the commission in its entirety on the grounds that Rushford's right to compensation abated and terminated at his death; that the court was without authority to substitute the administratrix in his stead; and that the finding that Rushford's disablement was due to an occupational disease was contrary to the manifest weight of the evidence. This court

denied the petition on September 18, 1950, and three days later the employer paid the administratrix the 139 weeks' compensation, plus interest and certain costs, as ordered by the superior court.

On September 22, 1950, under the provisions of sections 7, 8(g) and 24 of the Occupational Diseases Act, (Ill. Rev. Stat. 1949, chap. 48, pars. 172.7, 172.8(g) and 172.24,) the widow and minor child filed their application for adjustment of claim with the commission to recover death benefits. The employer filed a special and limited appearance accompanied by a motion to dismiss the application for want of jurisdiction in the commission, contending that the dependents had no right to death benefits because no compensation had been paid to the employee in his lifetime and because his death had occurred more than one year after the date of disablement. After a hearing, the arbitrator found that Harold Rushford had become permanently disabled from an occupational disease on May 2, 1947, and that he died therefrom on January 2, 1950; that compensation had been paid during that period; and awarded the dependents benefits of $18 a week for 157 weeks and one week at $12 under sections 7(a) and 7(h). On review, the commission entered a decision which, in effect, affirmed the arbitrator, but made a finding that the previous compensation had been paid to the administratrix of the employee's estate. On *certiorari,* the superior court affirmed the decision of the commission and it is from the latter judgment that this writ of error is prosecuted.

We must first consider the employer's contention that it is necessary and proper in this review to reconsider and determine the issues which were raised in the writ of error taken from the first judgment of the superior court, which writ of error this court denied. In other words, the employer contends again in this proceeding by the dependents for death benefits, that Rushford's right to compensation abated and terminated with his death and that the superior

court had no authority to substitute the adminisratrix in the claimant's stead. It is urged that our denial of the first petition is not *res judicata* on the merits of issues raised and that since the record of the proceeding by the dependents brings before us the entire record of the original proceeding, both records are now subject to review. No authority holding that a denial of writ of error is, or is not, *res judicata* on the merits of the case has been found, but counsel for the employer seeks to draw an analogy from the oft expressed statement of the United States Supreme Court in *United States* v. *Carver,* 260 U.S. 482, 67 L. ed. 361, that a denial of a writ of *certiorari* by the court imports no expression of opinion on the merits of the case. We think the analogy is well taken, but, while the denial of an appeal. court to review imports no expression of opinion, we believe it is also true, and find no authority to the contrary, that the denial makes the judgment of the lower court the final and binding adjudication of the issues between the parties. If no review is sought at all, the judgment of the *nisi prius* court stands as final and *res judicata* on the merits; if review is sought and denied, it follows logically that the judgment of the lower court assumes the same proportions.

In again seeking review of the issues raised in the first petition for writ of error, the employer relies greatly upon the decision of *American Manganese Steel Co.* v. *Industrial Com.* 399 Ill. 272. We find, however, that there are distinguishing features which render it uncontrolling in this proceeding. In that case, the first order of the superior court on *certiorari* remanded the cause to the commission with directions to ascertain the extent of disability and to fix the award. The employer in that case then filed a petition for writ of error to this court and it was denied. The cause returned to the commission and a new decision was entered conforming to the order of the superior court. *Certiorari* was then taken to the circuit court and that court

affirmed the new decision of the commission. The employer then filed a second petition for writ of error in this court and the employee filed a motion to dismiss, contending that because the first writ of error was not allowed it was *res judicata* on the merits of the case. In denying the motion to dismiss, this court said (p. 274) : "The decision made by the commission in this case was not its decision but the decision of the superior court, *and such decision was not a final order,* (emphasis supplied) because the cause was remanded back to the Industrial Commission to carry out the decision. Under such circumstances we have held that the decision of the court confirming the order of the commission, made under directions of the court under a former *certiorari* proceeding, is reviewable by this court. * * * There is nothing in this proceeding which bars the plaintiff in error from having the rulings of the superior and circuit courts in this case reviewed." The same procedural circumstances are not present in the instant case, for here the first writ of error sought review of a final order which became binding on the parties and left nothing further to be done but the payment of the compensation when the petition was denied.

We must conclude, therefore, that our denial of the first petition for writ of error had the effect of leaving the judgment stand as it was entered by the trial court. It is therefore *res judicata* on the merits of the proceeding and the employer may not again relitigate its claims that the employee's right to compensation abated at his death and that the superior court was without authority to substitute the administratrix. Insofar as those questions are concerned, we must hold that the conditions precedent to the right of the dependents to maintain a claim for death benefits have been established.

This brings us to the remaining question which is raised in this proceeding. Section 24 of the Occupational Diseases Act, which pertains to notice of disablement and limitation

of commencement of proceedings, contains the following provisions: "\* \* \* provided, no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six (6) months after the occurrence of the disablement from the occupational disease; provided further, that in any case, unless application for compensation is filed with the Industrial Commission within one (1) year after the date of the disablement, where no compensation has been paid, or within one (1) year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred: Provided, further, that if the occupational disease results in death within said year, application for compensation for death may be filed with the Industrial Commission within one year after the date of death, but not thereafter." Looking to the provisions of this section, the employer contends that no right to death benefits vested in the dependents and that the commission was without jurisdiction to hear their claim because the employee died more than one year after the date of disablement and because no compensation had been paid to him during his lifetime.

In making this contention, the employer argues that all provisions in the act for payment of compensation are for payment to the employee himself and infers that payment to the administratrix does not satisfy the condition. Reference to the language of section 24 refutes the narrow construction advanced, for the language which establishes the period of limitation is that the right to file the application is barred unless it is filed "within one (1) year after the date of the disablement, where no compensation has been paid, or within one (1) year after the date of the last payment of compensation, where any has been paid." The statute does not specifically provide that the payment of compensation must have been made to the employee but refers only to the element of time of payment.

Respondents point out that the employee filed his claim within the period fixed by the act, that the employer's liability for compensation was determined by the commission during the claimant's lifetime, and contend that when the award was judicially confirmed after his death and payment thereof made to his administratrix, it was payment of compensation which was due to him in his lifetime, and was payment within the meaning of section 24. While we have found no comparable decisions, we believe that such an interpretation of the statute must follow under the facts of this case. A reviewing court's adjudication that an employer is liable for periodic payments of compensation to an employee and an affirmation of the award is, in effect, a finding and judgment that compensation became due and payable on the date fixed by the commission. The judgment of the reviewing court does not reinvest the claimant with new rights of compensation nor does it extend or lessen the period of liability fixed by the commission, unless that question is expressly an issue, but, rather, relates back to the rights and liabilities decided by the commission. In the present case, the payment made to the administratrix was but a payment of the weekly sums which were due the employee in his lifetime and which would have been paid right up to the week before his death, had not payment been postponed by the proceedings for judicial review. Payment to the administratrix under such circumstances must be held to be payment of compensation within the meaning of section 24. To indulge in the construction urged by the employer ignores the humanitarian purpose and spirit of the act and imputes to the legislature an intent to bar the claim of dependents before that claim arose or could be prosecuted when, in a case such as this, payments due the employee in his lifetime, have been avoided by prolongation of the litigation to a point beyond his death. We cannot say that an employer need only litigate and delay payment of compensation due a legiti-

mately disabled individual to a point beyond his death from the disablement and thereby defeat both his right to compensation and that of his dependents to death benefits. Parties are, of course, entitled to review but the process is neither designed nor intended to work to the advantage or disadvantage of litigants.

The facts here show that the claim of respondents was filed within a few days after the payment of compensation to the administratrix and within one year after the employee's death. We conclude, therefore, for the reasons stated, that a right to death benefits had vested in the dependents and that the commission had jurisdiction to entertain their claim. There being no other objections, the judgment of the superior court of Cook County will be affirmed.

*Judgment affirmed.*